UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HAROLD TONEY

    Plaintiff,

v.                                                   Case No. 3:15cv28/LC/CJK

RONNIE RADFORD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on plaintiff's motion to remand (doc. 6). Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint in the Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida. (Doc. 4-1, p. 2-15). Defendants Radford, Prior, and Willis removed the case to federal court on January 26, 2015. (Doc. 1).

    Plaintiff objects to the removal of this case to federal court on several grounds. First, plaintiff contends defendants' notice of removal fails to verify the time requirement for removal under 28 U.S.C. § 1446 has been met. (Doc. 6, p. 2-3). As part of this claim, plaintiff asserts defendants did not file copies of all process served upon them with the notice of removal. (*Id.*, p. 2). Under Northern District of Florida Local Rule 7.2, a party effecting removal must file copies of "all process, pleadings, motions, and orders then on file in the state court." N.D. Fla. Loc. Rule 7.2(a). Defendants filed their notice of removal on January 26, 2015. (Doc. 1). On February 5, 2015, defendants filed the state court record. (Doc. 4). Defendants, therefore, timely filed the record from the state court. Defendants also complied with the timing

requirements set forth in 28 U.S.C. § 1446, which required that the notice of removal be filed within thirty days of receiving the complaint. *See* 28 U.S.C. § 1446(b)(1). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). The notice of removal indicates Radford, the last defendant served, received the summons and complaint on January 8, 2015. (Doc. 1, p. 1; doc. 4-1, p. 90). The notice of removal, filed on January 26, 2015, indicates all defendants consented to removal. (Doc. 1). This satisfies the timing requirements of 28 U.S.C. § 1446.

Plaintiff next claims the notice of removal is defective because it does not verify that each individual defendant consented to removal. (Doc. 6, p. 3-4). All three defendants in this case, however, are represented by the same attorney. (Doc. 4-1, p. 91-92). The notice of removal indicated "[d]efendants Ronnie L. Radford, Charlotte D. Prior, and John Willis, by and through undersigned counsel, pursuant to 28 U.S.C. § 1441, desire to remove the federal civil rights action pending against them[.]" (Doc. 1, p. 1). This is sufficient to establish all defendants have consented to removal. *See Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) ("The notice [of removal] was signed by the attorney who represented all of the defendants. As their attorney, she was authorized to represent to the court what their positions were and they were bound by the representations she made.").

Plaintiff's third and final claim is that defendants' notice of removal was untimely because the notice was not filed within thirty days after the first defendant was served. (Doc. 6, p. 4-5). As discussed above, however, if a later-served

defendant files a notice of removal within thirty days of being served, an earlier-served defendant may consent to removal. *See* 28 U.S.C. § 1446(b)(2)(C). Moreover, the notice of removal in this case was filed on January 26, 2015. The other defendants, Willis and Prior, were served on January 5, 2015. (Doc. 4-1, p. 88, 89). Thus, the notice of removal was filed within thirty days of all defendants being served. Defendants' notice of removal was timely and not defective.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion to remand (doc. 6) be DENIED.

At Pensacola, Florida this 2nd day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).