UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HAROLD TONEY,

    Plaintiff,

v.                                                                                          Case No. 3:15cv28/LC/CJK

RONNIE RADFORD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's "Voluntary Notice of Dismissal" (doc. 16) and defendants' response to the notice (doc. 19). Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint in the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida. (Doc. 4-1, p. 2-15). On January 26, 2015, defendants Radford, Pryor, and Willis removed the case to federal court based on federal question jurisdiction. (Doc. 1). Plaintiff's amended complaint, the operative pleading in this case, alleges each defendant violated his due process rights under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 9 of the Florida Constitution by failing to provide evidence and adhere to certain regulations during the disposition of a disciplinary report. (Doc. 8). Although plaintiff's disciplinary report was eventually overturned through the grievance process, plaintiff asserts the original finding of guilty resulted in his placement on close management. (*Id.*).

After defendants removed this case to federal court, plaintiff filed a motion to remand, asserting defendants' removal of the case was untimely and defective. (Doc.

6). The motion was denied. (Docs. 7, 13). Defendants then filed a motion to dismiss for failure to state a claim. (Doc. 14). Instead of filing a response to defendants' motion, plaintiff filed a "Voluntary Notice of Dismissal." (Doc. 16). Plaintiff requested dismissal of the federal constitutional claims in this action. (*Id.*). Plaintiff further requested that his state law claims be remanded to state court, or, alternatively, dismissed. (*Id.*). Because plaintiff sought remand of his state law claims, the court construed plaintiff's notice in part as a motion to remand and directed defendants to respond. (Doc. 17). Defendants' response argues the conditional nature of plaintiff's notice of voluntary dismissal renders it ineffective. (Doc. 19, p. 3-4). Alternatively, defendants argue that all of plaintiff's claims should be dismissed and the motion to remand should be denied. (Doc. 19, 4-6).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.[*] Fed. R. Civ. P. 41(a)(1)(A)(I). Rule 41 "allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). Thus, under Rule 41, plaintiff may not

---

[*] Defendants have filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (Doc. 14). Because defendants' motion does not rely on matters outside the pleadings, plaintiff may voluntarily dismiss his claims. *Davis v. Ocwen Loan Servicing, LLC*, No. 1:13-CV-1985-TWT, 2013 WL 6061597 at *1 (N.D. Ga. Nov. 15, 2013) ("Courts in [the Eleventh Circuit] and others have found that a defendant's filing of a motion to dismiss under Rule 12(b) does not affect a plaintiff's right to dismiss an action voluntarily, with the exception of a 12(b)(6) motion converted to a motion for summary judgment.").

Case No. 3:15cv28/LC/CJK

dismiss only his federal law claims against each defendant.  Plaintiff, however, does have a right to dismiss this entire action.

      Accordingly, it is respectfully RECOMMENDED:

1.      That this action be DISMISSED WITHOUT PREJUDICE.

2.      That all pending motions be DENIED AS MOOT.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of May, 2015.

                                           /s/ *Charles J. Kahn, Jr.*
                                          **CHARLES J. KAHN, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv28/LC/CJK